**UNITED STATES of America ex rel. James CROWSON, E–7636, Appellant,**

v.

**Joseph R. BRIERLEY, Superintendent, State Correctional Institution, Philadelphia, Penna.**

No. 17611.

United States Court of Appeals
Third Circuit.

Submitted on Briefs May 8, 1969.

Decided June 5, 1969.

James Crowson, pro se.

Joseph J. Musto, Pittston, Pa., Roger F. Cox, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal challenges a District Court order, entered after the grant of a hearing to relator,[1] which order denied a petition for a writ of habeas corpus. Relator is confined pursuant to a sentence of life imprisonment imposed September 9, 1957, after entry of a plea of guilty to murder generally and a determination by a state three-judge court that relator was guilty of murder in the first degree.

After careful consideration of the record, we will affirm the order of the District Court for the reasons so well stated by Judge Body in his opinion of October 17, 1968. D.C., 300 F. Supp. 1175.[2]

---

1. Relator was also granted a hearing in 1965 on a petition for writ of habeas corpus filed in the state court, which was denied in a thorough, six-page opinion and order dated 3/31/65 (Commonwealth ex rel. Crowson v. Rundle, C.P. No. 7, Phila. County, Sept. Term 1964, No. 2466).

2. Since there was an eye witness to the robbery-homicide, a prima facie case of murder was made out at the certification hearing without consideration of relator's confession, and "when a juvenile has been charged with murder, and a prima facie case has been made out by the Commonwealth in Juvenile Court proceedings, such juvenile must be held for further criminal proceedings" as an adult in the Quarter Sessions Court. In re Gaskins, 430 Pa. 298, 244 A.2d 662, 669 (1968). Cf. Jackson v. Johnson, 364 F.2d 233 (6th Cir. 1966). Cases such as Hery-

ford v. Parker, 396 F.2d 393 (10th Cir. 1968), relied on by relator, are inapposite since the integrity of the fact-finding process in this case was vindicated by the de novo certification hearing, where relator was represented by counsel, before the state court pursuant to the District Court order of December 4, 1967 (amended February 19, 1968), resulting in the May 10, 1968, opinion of Judge Jamieson (Commonwealth v. Crowson, Quarter Sessions Court of Phila. County, July Sessions, 1957, No. 1434), concluding that relator was properly certified for trial as an adult.

With reference to point IV of the October 17, 1968 opinion, see United States ex rel. McCloud v. Rundle, 402 F.2d 853, 859–860 (3rd Cir. 1968) ; cf. United States ex rel. Budd v. Maroney, 398 F. 2d 806 (3rd Cir. 1968).