## Commonwealth *v.* Beecham, Appellant.

Submitted September 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elizabeth Langford Green* and *Melvin Dildine,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 10, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

In 1961, appellant was convicted of robbery. He filed post-trial motions but never appealed. In 1967, he petitioned for Post Conviction Hearing Act relief, alleging that he had been denied his right of appeal. Appellant was granted leave to file an appeal to this Court *nunc pro tunc.*

On this appeal *nunc pro tunc,* he alleges that one or more witnesses were allowed to testify at trial and identify appellant as a principal in a robbery, in violation of *Stovall v. Denno,* 388 U.S. 293, 87 S. Ct. 1967 (1967). This claim has not been heard or ruled upon below. Moreover, there seems to be some confusion whether such a claim should have been heard below and, if so, by whom.

The Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180 (Supp. 1969),

was intended to establish a comprehensive "post-conviction procedure for providing relief from convictions obtained and sentences imposed without the due process of law." Id. §2, 19 P.S. §1180-2. The Act allows a petitioner to claim the denial of his right of appeal. Id. §3(c)(10), 19 P.S. §1180-3(c)(10) (Supp. 1969). See *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). In the same petition, he may also claim certain other rights, including a violation of his right to a fair identification procedure, *Stovall v. Denno*, supra. Post Conviction Hearing Act, §3(c), 19 P.S. §1180-3(c) (Supp. 1969). [These other claims are hereinafter referred to as "§3 claims."] If the P.C.H.A. court grants the *Douglas* claim, it may, if appropriate, permit the petitioner to file post-trial motions *nunc pro tunc* or supplemental post-trial motions. If post-trial motions were once filed and the P.C.H.A. court concludes that supplemental motions are not appropriate, it may grant leave to file an appeal *nunc pro tunc*.

Once the P.C.H.A. court grants the *Douglas* claim and awards some form of relief, a procedural problem is presented. Should the P.C.H.A. court then hear the §3 claim, or should it refer that claim to the trial court on post-trial motions *nunc pro tunc* or on supplemental post-trial motions?

In my opinion, the P.C.H.A. court should continue the hearing and dispose of the §3 claim. First, the P.C.H.A. court's business is to review the stale records usually presented by such cases. Seldom does the trial judge (if available) retain sufficient recollection of such records to offer greater expertise in reviewing them. In addition, the Act's concern for having all post-conviction claims heard at one time would indicate that there should be no delay in disposing of §3 claims. At the P.C.H.A. hearing, the interested parties are prepared to try the §3 claims. It would be inefficient

and burdensome to reschedule such claims, once the *Douglas* claim has been granted. Accordingly, the instant *Stovall* claim should have been presented first to the P.C.H.A. court.[1]

Having examined appellant's *Stovall* claim, I conclude that it can neither be granted nor rejected by reading the transcript alone. The transcript reveals the following: "Q. What if any thing did you do at the police station? A. I identified Mr. Beecham from a police line-up. Q. Could you please tell me the circumstances of this line-up, how many men were in it? A. If I recall, there were four, three and Mr. Beecham. Q. Is it your testimony that you identified Mr. Beecham while he was in the line-up? A. Right. Q. After the line-up, did you go to a room separate in the police station? A. Yes, I did .... Q. Was there a policeman in this room with you? A. There was not, until Mr. Beecham was brought in. A detective was with him. Q. And Mr. Beecham came in with the detective? A. Yes, if I recall correctly. Q. Refreshing your memory, did you ask the detective to put a hat on Mr. Beecham? A. I asked him to put a hat on. I asked him to put glasses on. I knew it was he, but after all, in a case like this, I wanted to be doubly [sic] sure. ... Q. When you were in a room separate with Mr. Beecham and the detective, isn't it a fact that you asked him to tilt his head in various directions? A. Yes. I saw him for almost an hour, and his head in all directions." (N.T. 47-49)

In order to decide whether the identification procedure described above was in violation of *Stovall*, a court must ascertain whether under "the totality of the

---

[1] Appellant, of course, could not have waived the *Stovall* claim by his failure to present it in the P.C.H.A. court, since it has never been made clear that the P.C.H.A. court, rather than the trial court, should have heard it.

circumstances," the procedure "was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." 388 U.S. at 302, 87 S. Ct. at 1972. Though a one-to-one confrontation is plain from the record, the circumstances are not. The necessity for the procedure, if any, is not evident. See, e.g., *Stovall v. Denno,* supra; *Simmons v. United States,* 390 U.S. 377, 88 S. Ct. 967 (1968). The nonsuggestive qualities of the procedure, if any, also are not evident. See, e.g., *Biggers v. Tennessee,* 390 U.S. 404, 88 S. Ct. 979 (1968); *Foster v. California,* 394 U.S. 440, 89 S. Ct. 1127 (1969). There may be other relevant circumstances of which we are not aware, simply because the trial inquiry was not directed to the as yet unstated *Stovall* criteria.[2]

I would remand this case to the P.C.H.A. court for that court to re-open proceedings to determine the validity of appellant's *Stovall* claim.

SPAULDING, J., joins in this dissenting opinion.

---

[2] In *Commonwealth v. Lee,* 215 Pa. Superior Ct. 240, 257 A. 2d 326 (1969), we found a violation of *Stovall,* no hearing having been held below. I would limit *Lee* to cases where "the face of the record glaringly reflects that all of the constitutional protection[s] set forth in Stovall . . . were denied." Id. at 245.