Commonwealth *v.* Taylor, Appellant.

Submitted March 16, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Daniel G. Reilly,* for appellant.

*Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1970:

On September 6, 1956, the appellant and his common-law wife went to visit appellant's sister, Mary Zebley. While they were there, appellant's brother-in-law, Roy Fletcher, and three others arrived and announced that they had come to pick up Roy Fletcher's four month old daughter, who had been given into the custody of Mary Zebley by Roy Fletcher's wife, a sister of Mary Zebley and appellant. Mary Zebley did not want to give the baby to Roy Fletcher, but he ignored her protests and started to leave with the infant. As he began to walk out the door some scuffling broke out, during the course of which both Mary Zebley and appellant's wife were struck. After his wife was hit, the appellant got a gun from the next room, walked onto the porch, and yelled to Roy Fletcher to return the baby. Fletcher turned and said "Jess, its my baby," and continued to leave. Appellant, by his testimony, then fired what he intended to be a warning shot—which "went low" and killed Roy Fletcher.

Appellant wandered about the neighborhood for a while after the shooting and was apprehended when he returned home later that night. Shortly after his arrest he gave the police an incriminating statement, and some months later he pleaded guilty to murder gen-

erally. A degree of guilt hearing resulted in a finding of murder in the first degree and a sentence of life imprisonment. No appeal was taken. Between the time of the conviction and the filing of the instant PCHA petition the appellant filed two applications for habeas corpus relief and one PCHA petition; none of these intervening post-conviction proceedings were counseled.

In his current PCHA petition the appellant asserted that he was denied his right of appeal, that his plea of guilty was unlawfully induced, and that he was represented by incompetent counsel. The hearing court found that appellant had in fact been denied his right of appeal, but held that the petition should be dismissed because his substantive contentions were without merit. This is an appeal from that dismissal.

Initially we note that the trial judge erred in dismissing appellant's petition. Having found that appellant was denied his right of appeal, the hearing court should have granted him the right to file post-trial motions and take a direct appeal. *Commonwealth v. Musser*, 437 Pa. 131, 262 A. 2d 678 (1970). Accordingly, we will treat this appeal as if it were directly from the initial conviction.

Since appellant was convicted of murder in the first degree after a guilty plea to murder generally while represented by counsel, the only issues now cognizable are the validity of the plea, the lawfulness of the sentence, the jurisdiction of the trial court, and the sufficiency of the evidence used to raise the killing to murder in the first degree. *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967); *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968); *Commonwealth v. Musser*, supra.

With regard to the guilty plea, we do not find it infirm. The ineffective assistance of counsel claim is

based on counsel's alleged failure to inform appellant of his right to appeal. Assuming that counsel did fail to advise appellant of his appeal rights, that error has subsequently been corrected, did not otherwise taint the reliability of appellant's trial, and is not enough, standing alone, to carry the claim of ineffective counsel. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). As for the incriminating statement, even if it was involuntary it could not have been the primary motivation for the plea. There were at least seven eyewitnesses to the shooting, and the other evidence was similarly overwhelming. Appellant could not very well have denied that he shot the decedent, and his statement did nothing more than admit that fact.

Finally, appellant challenges the sufficiency of the evidence used to elevate the killing to first degree murder. Upon reviewing the evidence set forth above we cannot say that the trial court did not have sufficient ground upon which it could base its conclusion.

Judgment of sentence affirmed.

---

Concurring Opinion by Mr. Justice Eagen:

Mr. Justice Eagen concurs in the result on the basis of *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970).

Mr. Justice Jones joins in this concurring opinion.