Commonwealth *v.* Crowson, Appellant.

Submitted April 27, 1972. Before JONES, C. J., EA-GEN, O'BRIEN, ROBERTS, POMEROY, NIX, and MANDER-INO, JJ.

*Jerome E. Furman,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, January 19, 1973:

The appellant James A. Crowson pleaded guilty in 1957 to a charge of murder generally. In a subsequent hearing, guilt was fixed at murder in the first degree and a sentence of life imprisonment was imposed. Although no appeal was taken from that judgment of sentence, the appellant has pursued various collateral remedies in the intervening years.

In 1964 appellant filed a petition for a writ of habeas corpus in the Court of Common Pleas of Philadelphia County, arguing that the trial court before

which he was convicted lacked jurisdiction over him at the time of entry of the guilty plea, appellant being at that date a youth of fifteen years; that he had been denied a right to counsel during a custodial interrogation; and that the confession that resulted was involuntary. After an evidentiary hearing, the petition was denied. An appeal to this Court from that denial was dismissed for *non prosequitur.*

Appellant then petitioned the United States District Court for the Eastern District of Pennsylvania, alleging that he had not been represented by counsel at the Juvenile Court hearing after which he had been bound over for trial as an adult, and further that his guilty plea was the product of a coerced confession. The District Court ordered a *de novo* certification proceeding, during which the court of common pleas determined that appellant had been properly bound over for trial. The District Court then considered appellant's additional allegation, specifically found that the confession was not involuntary by then existing standards, and denied relief; the Court of Appeals affirmed. *United States ex rel. Crowson v. Brierley,* 300 F. Supp. 1175 (E.D. Pa. 1968), aff'd, 411 F. 2d 910 (3d Cir. 1969).

On April 29, 1970, appellant filed a petition under the Post Conviction Hearing Act, 19 P.S. §§1180-1 et seq., alleging that his plea of guilty was not knowingly or intelligently entered, that he was not informed of his right to a direct appeal and to counsel on that appeal, and that he was deprived of constitutional rights by a custodial interrogation without being forewarned of his right to counsel. After an evidentiary hearing, the court below denied the petition, finding as a fact that "defendant entered his guilty plea, while represented by counsel, knowingly, intelligently and voluntarily. . . ." Appeal of that denial comes to us under the Appellate Court Jurisdiction Act of 1970, July 31,

1970, P. L. 673, art. II, §202(1), 17 P.S. §211.202(1), and under the Post Conviction Hearing Act, Jan. 25, 1966, P. L. (1965) 1580, §11, 19 P.S. §1180-11.

Appellant has filed in this Court two briefs, one by his court-appointed PCHA counsel and one *pro se*. The court-appointed counsel argues on his client's behalf only one issue: that Crowson's plea of guilty to murder generally was not knowing and intelligent. Appellant in his *pro se* brief argues, in addition, other points put forward in his PCHA petition, viz: that the finding of murder in the first degree by a three-judge panel in 1957 following his guilty plea deprived him of a jury determination of the degree of guilt in violation of his constitutional rights and in violation of a Pennsylvania statute applicable at the time;[1] that he was deprived of his constitutional right to free counsel on direct appeal from his conviction in 1957; and that the confession taken from him during police interrogation and introduced into evidence during the degree of guilt hearing was involuntary under then existing constitutional standards.

Appellant has not previously asserted a denial of rights under *Douglas v. California*, 372 U.S. 353, 9 L. Ed. 2d 811 (1963).[2] From an examination of the record it is clear that this allegation has merit and that appellant is entitled to a direct appeal *nunc pro tunc*. There is nothing in the trial record to show that Crowson was advised either of his right to appeal under Pennsylvania law or to his right to free counsel on such an appeal guaranteed by the federal constitution; nor did

---

[1] Act of June 11, 1935, P. L. 319, No. 141, §1, as amended by Act of March 24, 1945, P. L. 57, No. 32, §1, 19 P.S. §786 (now superseded by Pa. R. Crim. P. 1101, 1124).

[2] The *Douglas* claim was not raised in appellant's 1964 petition for habeas corpus. The issue is not thereby "waived". *Commonwealth v. Butler*, 442 Pa. 476, 276 A. 2d 536 (1971); *Commonwealth v. Cannon*, 442 Pa. 339, 275 A. 2d 293 (1971).

the Commonwealth at the PCHA hearing on this petition adduce any evidence to show that appellant was aware of those rights. As the burden of proving waiver of the federal constitutional right announced in *Douglas,* supra, is on the government, *Commonwealth v. Jones,* 447 Pa. 228, 286 A. 2d 892 (1971); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968), it follows ineluctably that Crowson must be granted leave to file an appeal from his judgment of sentence as if timely filed.

Having been convicted of murder in the *first* degree, it is possible that appellant may have appealable issues arising out of his degree of guilt hearing which are not cognizable under collateral attack procedures such as Crowson has followed. *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A. 2d 505 (1970); *Commonwealth v. Taylor,* 439 Pa. 321, 266 A. 2d 676 (1970).[3] In the interest of judicial economy, we will defer passing upon the other points in this appeal from the denial of appellant's PCHA petition until we can decide at the same time any new issues which may be raised on direct appeal.

We remand the record for the purpose of permitting a direct appeal from the judgment of sentence to be filed within 30 days of the date of this mandate, and retain jurisdiction over the present appeal for disposi-

---

[3] The *Douglas*-denial issue, although clearly raised by Crowson in his PCHA petition and discussed in his *pro se* brief, was not presented by his counsel. There is the possibility that counsel did not press the *Douglas* issue because he was of the opinion (or perhaps knew) that Crowson in fact had no contentions which could not be reached under the Post Conviction Hearing Act and that therefore, notwithstanding the merit in the contention, nothing could be gained thereby. Cf. *Commonwealth v. Walters,* 431 Pa. 74, 244 A. 2d 757 (1968); *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967).

tion on a consolidated basis with the direct appeal.[4] Under Rule 80 of the Rules of this Court we direct that the consolidated appeals be argued orally.

---

[4] To the extent that issues to be raised on appeal will duplicate those raised in the PCHA petition, it will not be necessary in this case for appellant to file post-trial motions. Cf. *Commonwealth v. Robinson*, 442 Pa. 512, 515, n. 2, 276 A. 2d 537 (1971). If, however, appellant should raise issues which require determination by post-trial motion, the period of 30 days for filing a direct appeal in this Court will commence after disposition of any such motions.