Commonwealth *v.* Crowson, Appellant.

Argued April 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Jerome E. Furman,* for appellant.

*James T. Ranney,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

In 1957, appellant, James A. Crowson, aged fifteen, entered a counselled guilty plea to a general charge of murder. A degree-of-guilt hearing was held and

appellant was found guilty of first degree murder and was sentenced to life imprisonment. No direct appeal was taken from the judgment of sentence. Thereafter numerous collateral attacks were made by appellant in both federal and state courts. These proceedings are reviewed in our opinion in *Commonwealth v. Crowson,* 450 Pa. 218, 299 A.2d 318 (1973). In that opinion, which dealt with appellant's appeal from a denial of a petition for post-conviction relief, filed on April 29, 1970, we directed that the record be remanded for the purpose of permitting an appeal, nunc pro tunc, from the judgment of sentence, but we retained jurisdiction of the appeal as to the other issue raised in appellant's petition and directed that the two appeals be consolidated and argued orally. We will now deal with the issues raised in both appeals.

In his appeal from the denial of his Post Conviction Hearing Act petition, appellant attacks his guilty plea, alleging that it was not voluntarily and intelligently made. Since the guilty plea was entered in 1957, predating our decision in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), the burden is upon appellant to establish the truth of his allegations. Although appellant did testify at his post-conviction hearing that he did not understand the consequences of his guilty plea, and the Commonwealth offered no evidence to rebut his contention, in *Commonwealth v. Stromberg,* 440 Pa. 168, 269 A.2d 741 (1970), we held that even if the Commonwealth offers no evidence to rebut a defendant's testimony that his plea was not knowingly and voluntarily made, a court may deny his requested relief. Moreover, we note that the federal courts have also rejected a similar challenge made by appellant to his guilty plea. See *United States ex rel. Crowson v. Brierley,* 300 F. Supp. 1175 (E.D. Pa. 1968), aff. 411 F.2d 910 (3d Cir. 1969). Consequently, we see no error in the Post Conviction Hearing Act court's decision.

On direct appeal, appellant alleges that the court committed error in his de novo certification hearing. The second certification hearing was conducted as a result of a federal court decision that mandated such a procedure. At this second hearing, the notes of testimony from appellant's guilty plea comprised the record on which the court found that a prima facie case was made out by the Commonwealth and, therefore, the original certification order was valid.

Appellant argues that the notes of testimony did not estabish a prima facie case against appellant. We do not agree. His two co-defendants placed him at the scene of the robbery-murder and related his participation in the murder. In addition, a witness testified to hearing a shot when the murder occurred, and thereafter seeing appellant running from the store. This evidence clearly establishes a prima facie case of murder. We, therefore, find no error in the de novo certification hearing.

Order and judgment of sentence affirmed.