Commonwealth *v.* Penn, Appellant.

Submitted June 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Timothy F. Hennessey,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., December 11, 1974:

This is an appeal from the decision of the Court of Common Pleas, Criminal Division, of Montgomery County, denying the defendant-appellant, Walter Aaron Penn, relief under the Post Conviction Hearing Act in that his guilty plea entered March 6, 1967, was knowingly, intelligently and voluntarily made.

On December 22, 1966, the defendant was serving a sentence of ten (10) to twenty (20) years imprison-

ment for second degree murder and a concurrent sentence of one (1) to three (3) years for assault and battery and aggravated assault and battery at the State Correctional Institution at Graterford. On that date there was an altercation at the institution between the defendant and prison guards which resulted in the defendant striking an officer in the face.

He was charged with aggravated assault and battery by a prisoner and counsel was appointed to represent him. On March 6, 1967, the defendant appeared before visiting Judge James HENNINGER and as a result of a plea bargain, he entered a plea to simple assault and battery. The judge accepted the agreement as presented. He was then sentenced as a result of the plea bargain to an additional two (2) year prison term. No appeal was taken from the judgment of sentence.

On September 17, 1973, the defendant filed a petition for a post-conviction hearing. He alleged "a denial of my constitutional rights to representation by effective counsel" and "the Court did not hold a colloquy as to the willfulness of his plea and the understanding of the plea." A hearing was held and his petition denied. This appeal followed.

The transcript and surrounding facts of his appearance and entry of plea to charges of simple assault and battery indicate that the plea was in fact voluntarily, intelligently and knowingly entered based on the established rule at the time it was entered. The burden of proof was on the defendant to demonstrate that the plea was improperly accepted by the court and that he was coerced into pleading guilty.

*Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), and *Commonwealth v. Belgrave*, 445 Pa. 311, 285 A. 2d 448 (1971), have fixed the current standard to be applied in determining voluntariness of a confession of guilt. Here, however, the pleas were entered prior to those decisions and the

cases are not retroactive as indicated at page 317 of *Belgrave,* supra: "Since appellants' guilty pleas were entered *after our decision* in Com. ex rel. West v. Rundle, 428 Pa. 102, 237 A. 2d 196 (1968), if the recorded colloquy between the trial judge and each appellant is inadequate, the Commonwealth has the burden of proving the guilty pleas were voluntarily, knowingly and intelligently made." (Emphasis—the opinion writer.)

At the time of the entry of the guilty plea, the standard rule of procedure was established in *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A. 2d 424 (1964). In *Barnosky,* supra, the defendant was not advised as to the nature of the charge, his right to trial by jury or the consequences of his guilty plea. The Pennsylvania Supreme Court determined that the defendant was cognizant of these matters and so the guilty plea was considered valid. The Court said at page 164:

"The first question raised by appellant reads as follows: 'Did the Court err in accepting a guilty plea without advising the defendant of his right to a jury trial, and the extent of a sentence which could result in a nonjury trial? (Guilty plea)'

"It is pertinent to observe that appellant does not allege that he did not know of his right to a trial by jury or that he was ignorant of the consequences of his plea. He seeks to find error in the court's failure to advise him in these particulars, regardless of his own knowledge of the subject and despite the fact that he was represented by counsel." The court then held "the prisoner's awareness of the consequences of his plea is of itself not a sufficient basis for a grant of a new trial.", i.e., at that time a colloquy was not mandatory.

In the instant case, the record clearly establishes the defendant's knowledge and awareness of the charge and the consequences of his plea of guilty. His counsel did

advise him of the nature of the charge and his right to a jury trial. As a part of the plea bargain, he was advised of the distinction between the charge and the lesser charge of simple assault, so that with the *Barnosky* case, supra, which was then in effect, the plea was properly entered.

The transcript indicates that defendant's counsel met with the defendant on two occasions before the entry of the plea. At the second meeting, he told the defendant that he would try to get the charges reduced to simple assault and battery since he felt the Commonwealth could prove the more serious charge. Before the entry of the plea at the court proceedings on March 6, 1973, he again told him that he thought it best to plead to simple assault which was the result of plea bargaining. He then read the statute to the defendant and explained the difference in the charges and the consequences. He again told him he had an absolute right to a trial by jury, if he did not want to plead guilty.

The defendant also complains that he was denied the right to direct appeal, nunc pro tunc, and that he was not advised of his right to so appeal and that he should have been permitted to file post-trial motions, nunc pro tunc.

In *Commonwealth v. Musser*, 437 Pa. 131, 262 A. 2d 678 (1970), where the factual situations are similar to the instant case, it was stated that where a defendant was not advised of his appeal rights and right to free counsel on appeal that this does not necessarily grant him the right to post-trial motions as timely filed. The court said at page 133: "Once it has been found that an individual was denied his right to appeal it is not always proper to conclude the collateral proceedings by either granting the right to file post trial motions or to take a direct appeal. When the conviction from which the right of appeal was denied was based upon

a plea of guilty, the PCHA court should usually proceed to hear and decide all of the petitioner's other claims since he will generally have no claim of error which is not cognizable in the PCHA proceedings."

We quote with approval the following excerpts from the opinion of Judge STANZIANI of the court below: "It would have been a useless procedure to grant this petitioner the right to file post-trial motions nunc pro tunc since this court has had an evidentiary hearing and has passed on all points raised by the petitioner as error, particularly the question concerning the voluntariness of his guilty plea. The deprivation of the petitioner's appellate rights has, therefore, been remedied by this post conviction proceeding and it is not necessary to grant the petitioner the right to file post-trial motions nunc pro tunc."

Seven years have passed since the entry of this plea and the rules concerning the required colloquy and the burden of proof as to the voluntariness of the plea have materially changed. Further, it would have been a waste of the court's time to allow the defendant to file post-trial motions, nunc pro tunc, or a direct appeal, nunc pro tunc, as a full evidentiary hearing was held where all the points raised by the defendant were listened to and ruled on and are being heard in the appeal from the post-conviction hearing. See, *Commonwealth v. Beecham*, 438 Pa. 326, 265 A. 2d 372 (1970), where the Supreme Court said at page 328: "When a petition is filed under the Post Conviction Hearing Act which alleges the obstruction of a right of appeal [statute omitted], and when the hearing court finds that there has been a deprivation of constitutionally protected rights and thus that such a claim is valid, it should not merely grant the right to file post-trial motions nunc pro tunc or supplementary post-trial motions or an appeal nunc pro tunc. It should then go on and hear evidence as to any other section 1180-3c claim the peti-

tioner has presented. As we stated in Musser, [437 Pa. 131, 262 A. 2d 678 (1970)] at 133, 'a denial of the right to direct appeal is not prejudicial since all claims cognizable on direct appeal may be raised in collateral proceedings.'"

Order affirmed.