334 A.2d 282

**COMMONWEALTH of Pennsylvania**

v.

**William WALKER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 30, 1974.

Decided March 18, 1975.

660

John J. Dean, Stephen P. Swem, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., John M. Tighe, First Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

On October 11, 1939, appellant William Walker, entered a plea of guilty generally to murder in the shooting death of a Pittsburgh policeman on June 27, 1939. Appellant was represented by court-appointed counsel at the time. After a hearing to determine the degree of guilt, an adjudication of murder in the first degree was made and a life sentence imposed. Walker did not file post-trial motions and no appeal was taken. On September 15, 1960, appellant was paroled and released from custody. On November 26, 1973, appellant filed a Post Conviction Hearing Act petition and counsel was thereafter

appointed to assist in his collateral attack. On December 10, 1973, the Commonwealth responded with a motion to dismiss the petition. The petition was subsequently dismissed without a hearing, and this appeal followed.

It is well established that any person desiring relief under the Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. § 1180–1 et seq., must file a petition stating the grounds for the requested relief and all allegations of fact in support of the alleged errors (19 P.S. § 1180–9). Accordingly, Walker raised five general grounds supporting his right to a PCHA hearing but failed to include specific facts in support of his conclusions.[1] To compound the problem, a review of Walker's 1939 trial record adds no factual basis for his alleged errors.[2] In light of the dearth of "factual" support, the trial judge determined that, even assuming the truth of appellant's allegations, he was not entitled to relief. We disagree.

Where the record adds no factual support, a petitioner who alleges general claims of "induced guilty plea" and "abridgement of constitutional rights," without more, is not entitled to an evidentiary hearing. *See Commonwealth v. Snyder,* 427 Pa. 83, 102, 233 A.2d 530, 540 (1967); *Commonwealth v. Maroney,* 423 Pa. 369, 223 A.2d 706 (1966); *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A.2d 918 (1966); *Commonwealth ex rel. Ackerman v. Russell,* 209 Pa.Super. 467, 228 A.2d 208 (1967).[3] Further, where a petitioner's other asser-

1. The only facts alleged referred to appellant's objections to the use of a co-defendant's trial transcript in determining his degree of guilt and a repetition of his general claim that he was not advised by the court or counsel of his right to appeal.

2. Since the record of Walker's 1939 plea has been lost, the only evidence relating to Walker's conviction is the sentencing hearing transcript.

3. Although appellant analogizes this case to *Commonwealth ex rel Hilberry v. Maroney,* 417 Pa. 534, 207 A.2d 794 (1964), in *Hilberry,* the appellant presented specific circumstances indicating that he was mentally ill at the time of pleading guilty and, fur-

tions only relate to nonretroactive rights non-existent at the time of conviction, he need not be heard.[4] However, where petitioner, as here, alleges that he was not advised of his right to a counseled direct appeal as required by *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963),[5] and where neither the record nor the Commonwealth disproves such assertion, an evidentiary hearing is warranted.[6] *Commonwealth v. Taylor,* 439 Pa. 321, 266 A.2d 676 (1970) ; *Commonwealth v. Zaffina,* 432 Pa. 435, 248 A.2d 5 (1968). *See also Commonwealth v. Musser,* 437 Pa. 131, 262 A.2d 678 (1970); *Commonwealth v. Davis,* 433 Pa. 267, 249 A.2d 766 (1969) ; and *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968).

■■ The Commonwealth contends that since Walker's conviction resulted from a guilty plea, if he was in fact denied his right to a counseled direct appeal it was not prejudicial error. This claim is incorrect. We have held that where an accused pleads guilty an unknowing and involuntary waiver of *Douglas* rights, standing alone, does

ther, these facts were supported by medical findings made by the sentencing court. In the present matter, no circumstances were alleged or could be inferred from the record that would have prevented a voluntary plea.

4. In particular, Walker's general challenge to "[t]he introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required," was frivolous as the claim necessarily referred to a then non-existent right. *Escobedo v. State of Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); *Commonwealth v. Snyder,* 427 Pa. at 86, 233 A.2d at 533; *Commonwealth ex rel. Ackerman v. Russell,* 209 Pa.Super. at 473, 228 A.2d at 211–12.

5. The *Douglas* decision is of retroactive application. *Smith v. Crouse,* 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 21–22, 213 A.2d 613, 624–25 (1965).

6. The only other general error alleged by appellant was that he was denied "effective assistance of counsel." Since it appears that this claim only relates to counsel's alleged failure to inform Walker of his *Douglas* rights, we need not consider this ground separately. *Commonwealth v. Taylor,* 439 Pa. 321, 323–4, 266 A. 2d 676, 678 (1970).

not require the allowance of a direct appeal as though timely filed. This rule does not apply to convictions of murder in the first degree. *Commonwealth v. Musser,* 437 Pa. 131, 262 A.2d 678 (1970); *Commonwealth v. Zaffina,* 432 Pa. 435, 248 A.2d 5 (1968); *Commonwealth v. Walters,* 431 Pa. 74, 244 A.2d 757 (1968); *Commonwealth v. Stokes,* 426 Pa. 265, 232 A.2d 193 (1968). This is because, unlike other convictions following a guilty plea, a murder in the first degree conviction does *not* result solely from the plea;[7] *Commonwealth v. Crowson,* 450 Pa. 218 at 221–222, 299 A.2d 318 (1973).

> "Since the Commonwealth is required to prove the elements of first degree murder beyond a reasonable doubt, *Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 6, 215 A.2d 857, 858 (1966); *Commonwealth v. Kurus,* 371 Pa. 633, 637, 92 A.2d 196, 198 (1952), a defendant so convicted may have other errors to press on direct review [in addition to the validity of his plea and legality of sentence],"

*Commonwealth v. Stokes,* 426 Pa. at 268, n. 5, 232 A.2d at 194, n. 5. Since this Court will not "presuppose to determine" whether Walker has additional legitimate claims on direct review, we must assume that if he was denied his *Douglas* rights it was prejudicial error. *Commonwealth v. Zaffina,* 432 Pa. at 438, 248 A.2d at 7.

 Although not raised in his present counseled appeal, a further injustice appears to have arisen. Walker specifically requested counsel be appointed to aid him in his collateral attack, yet counsel (having been appointed

---

7. Where an accused enters a plea of guilty to murder generally, it is sufficient in itself to sustain a conviction of second-degree murder. *Commonwealth v. Zanine,* 444 Pa. 361, 282 A.2d 367 (1971); *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A.2d 505 (1970). Accordingly, when a murder in the second degree conviction is appealed (following a guilty plea), the only issues cognizable on direct appeal, *i. e.,* the legality of sentence and voluntariness of the plea, are fully cognizable in collateral proceedings. There is no right to grant a direct appeal because the same relief is available in a PCHA proceeding.

after the petition was filed) did not prepare or present Walker's PCHA petition. Further, there is no indication that counsel was afforded the opportunity to amend Walker's self-drawn complaints. Such a denial of assistance entitles a petitioner to clarify his petition on remand. *Commonwealth v. Smith*, Pa. (J–397, filed January 27, 1975); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967). *See also Commonwealth v. Stokes*, 426 Pa. at 269, 232 A.2d at 195. However, in light of the possible disposition of an evidentiary hearing on the waiver of Walker's *Douglas* rights, it is sufficient to limit our instructions at this time. If it is determined Walker knowingly and voluntarily waived his right to appeal, his other allegations would necessarily have also been waived by reason of Section 4 of the PCHA (19 P. S. § 1180–4). In the event it is determined that Walker did not knowingly and voluntarily waive these rights, Walker would not be precluded from raising his allegations in post-trial motions. *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521 (1972) ; *Commonwealth v. Haywood*, 441 Pa. 177, 272 A.2d 727 (1971).

Accordingly, the order dismissing appellant's PCHA petition is vacated and the record remanded to the trial court for an evidentiary hearing in accordance with the Act of January 25, 1966, P.L. (1965) 1580, § 9, 19 P.S. § 1180–9, to determine whether appellant knowingly and intelligently waived his right to a counseled appeal.