341 A.2d 85

**COMMONWEALTH of Pennsylvania**

v.

**Lester M. X. HAYES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided June 7, 1975.

292

294

Gerald P. Ginley, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., James A. Shellenberger, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant, Lester Hayes, having been charged with murder, pleaded guilty to murder generally in the court of common pleas. After an extensive colloquy conducted, pursuant to Pa.R.Crim.P. 319, 19 P.S. Appendix, to determine the voluntariness of the plea, the plea was accepted by the trial court. During the course of this on-the-record examination, appellant, his court-appointed counsel, and the assistant District Attorney informed the court that the Commonwealth had agreed, in exchange for Hayes' plea of guilty, to certify that the offense rose no higher than murder in the second degree, but would recommend that the maximum sentence, i. e. ten to twenty years imprisonment, be imposed. On October 30, 1970, after conclusion of a hearing to determine the degree of guilt, the court found Hayes guilty of murder in

the second degree and deferred sentencing until an investigation relevant to that issue had been conducted.

On November 16, 1970, and before sentence had been imposed, appellant filed two petitions, *in propria persona,* one for leave to withdraw his guilty plea, and another for dismissal of his trial counsel, Peter Galante, Esq., and for the appointment of new counsel. As the basis for his motion to withdraw his plea, appellant averred that he had decided to enter the guilty plea only upon the willfully misleading assurance by Mr. Galante that the plea bargain accepted by the Commonwealth included a promise that any sentence imposed would be made to run concurrently with a sentence already being served by Hayes for an unrelated federal offense. This same accusation of deception also formed the ground for his request for appointment of new counsel. After a hearing, and believing that Hayes' obvious lack of trust in defense counsel, whether or not well-founded, impeded a proper attorney-client relationship, the court dismissed Mr. Galante as attorney of record and appointed another lawyer to represent defendant. The court also scheduled an evidentiary hearing for assessment of the merits of appellant's allegations, and for sentencing. At this hearing, held on February 24, 1971, wherein appellant was represented by new counsel, Mr. Galante unequivocally denied his former client's charges. To the contrary, he stated that he had explained to Hayes that the prosecution had flatly refused even to discuss the possibility of recommending to the court that the state and federal sentences be made to run concurrently. Accepting Mr. Galante's testimony as true, the court found that the plea bargain as it had been disclosed to the court during the guilty plea proceedings was, in fact, the agreement to which Hayes had given his fully informed consent, and that, accordingly, his guilty plea had been entered voluntarily and intelligently. The petition for leave to withdraw the plea was, therefore denied. Appellant was

then sentenced to a term of imprisonment of ten to twenty years, such sentence to run consecutively with that being served in the federal penitentiary. No direct appeal was taken from the judgment of sentence.[1]

With the assistance of counsel, Hayes then filed a petition for relief under the Post-Conviction Hearing Act.[2] In it he alleged (1) that his former lawyer's failure to take an appeal from the judgment of sentence infringed appellant's constitutional right to counsel on appeal;[3] (2) that his guilty plea had been involuntarily entered; (3) that the trial court had erred in denying his request to withdraw the plea; and (4) that he had been denied effective assistance of trial counsel. After an evidentiary hearing, the PCHA court denied relief. In this appeal, Hayes raises the first three issues considered by the court below. We will affirm.

1. It is argued that the failure of appellant's second appointed counsel, Joseph Atkinson, Esq., to take an appeal from the judgment of sentence operated as an effective denial of Hayes' appellate rights as guaranteed by *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963). At the evidentiary hearing conducted below, Mr. Hayes testified that his lawyer had assured him at various times during the year which followed the imposition of sentence that the lawyer was diligently preparing an appeal. Mr. Atkinson, on the other hand, testified that he had early informed appellant that, in his opinion, an appeal would be fruitless, and that appellant had accepted this conclusion. In disposing of the matter, the court believed it to be unnecessary to resolve this conflict in testimony and to render a decision on the mer-

1. Later, on three separate occasions, federal habeas corpus relief was sought by appellant but denied for failure to exhaust state remedies.

2. Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 et seq. (Supp.1974).

3. At the PCHA hearing and on this appeal appellant has been represented by yet a third lawyer.

its of the issue because a denial of appellant's *Douglas* rights would be, at most, non-prejudicial error. This analysis is only partially correct.

█ It is true that, in a case such as this, where an accused has entered a plea of guilty to murder generally and has been adjudicated guilty of murder in the second degree, a denial of his so-called *Douglas* rights is not, in itself, a ground for relief. As we stated in *Commonwealth v. Ward*, 442 Pa. 351, 357, 275 A.2d 92, 95 (1971):

> "Since the appellant was convicted of second degree murder following his plea of guilty to murder generally, he may contest on appeal only the validity of his plea and the lawfulness of his sentence. Because those issues are fully cognizable in collateral proceedings, a denial of a defendant's right to appeal is nonprejudicial and, standing alone, does not afford a basis for relief."

See also *Commonwealth v. Walker*, 460 Pa. 658, 334 A.2d 282 (1975) [filed March 16, 1975] (J. 296); *Commonwealth ex rel. Bostic v. Cavill*, 424 Pa. 573, 227 A.2d 662 (1967).[4] The fact that in such a context the denial is non-prejudicial does not, however, support the conclusion that there is no purpose to be served by a consideration of the merits of the *Douglas* claim. Indeed, the princi-

---

**4.** A different situation obtains when, having entered a plea of guilty to murder generally, an accused is found guilty of murder in the first degree following a degree of guilt hearing. " 'Since the Commonwealth is required to prove the elements of first degree murder beyond a reasonable doubt, . . . a defendant so convicted may have other errors to press on direct review [in addition to the validity of his plea and the legality of sentence]' " *Commonwealth v. Walker, supra*, at 663, 334 A.2d at 284 quoting *Commonwealth v. Stokes*, 426 Pa. 265, 268, n. 5, 232 A.2d 193, 194, n. 5 (1968). *Commonwealth v. Musser*, 437 Pa. 131, 262 A.2d 678 (1970); *Commonwealth v. Walters*, 431 Pa. 74, 244 A.2d 757 (1968). For such a defendant, a denial of his rights relative to appeal can never be deemed non-prejudicial. *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A.2d 5 (1968).

ples of waiver embodied in the Post-Conviction Hearing Act [5] dictate that such a determination should be made.

■ Section 1180–4(b) of the post-conviction Act provides that an issue will be deemed waived and, therefore, non-reviewable collaterally if:

"(1) The petitioner knowingly and understandingly failed to raise it [on direct appeal] and it could have been raised . . . on appeal . . . ."

It cannot be said that a defendant who has been denied his appellate rights has knowingly and intelligently failed to raise an otherwise reviewable issue by means of direct appeal. See *Commonwealth v. Horner,* 453 Pa. 435, 309 A.2d 552 (1973); *Commonwealth v. Gilmer,* 441 Pa. 170, 270 A.2d 693 (1970); *Commonwealth v. Zaffina, supra* at 442, 248 A.2d at 8. If, however, a defendant has suffered no denial of his *Douglas* rights, then his failure to raise his remaining arguments on direct appeal constitutes a valid waiver of his right to have them considered on collateral review. See *Commonwealth v. Hines,* 461 Pa. 271, 279, n. 4 and accompanying text, 336 A.2d 280, n. 4 (1975) [filed April 18, 1975] (J. 70); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). Cf. *Commonwealth v. Norman,* 456 Pa. 252, 318 A.2d 351 (1974); *Commonwealth v. Scott,* 461 Pa. 436, 336 A.2d 865 (1975) [filed May 7, 1975] (J. 172).

■ In the case at bar the court should have determined the waiver issue first for it might then not have had to consider other issues, and by the same token such issues would not require appellate review.[6] Since the

5. Post-Conviction Hearing Act, *supra,* § 1180–4.

6. Appellant's additional contentions, i. e. that his plea of guilty was involuntarily entered and that the trial court erred in denying his petition to withdraw the plea would have been cognizable on direct appeal in light of the extensive post-plea evidentiary hearing which the trial court conducted with regard to these issues. See, *Commonwealth v. Zakrzewski,* 460 Pa. 528, 536, 333 A.2d 898, 901 (1975). Cf. *Commonwealth v. Wayman,* 454 Pa. 79, 86, 309 A.2d 784, 788 (1973).

trial court did not make a finding one way or the other as to the claimed *Douglas* denial, we should, strictly speaking, remand the case to the trial court for that determination. The futility of such an exercise is, however, apparent. The PCHA court has already considered and found meritless each of appellant's claims and after consideration of the record we agree with its conclusions. Thus, a remand now would not serve the interests of appellant nor would it effectuate the policy of finality of litigation which underlies the doctrine of waiver. It remains to indicate the reasons supporting our agreement with the PCHA court on the remaining issues.

 2. It is contended that appellant's plea of guilty was involuntary because his decision to plead was motivated by a desire to avoid the imposition of the death penalty. We find this argument to be completely without merit. This Court has consistently held that a plea which is entered pursuant to a properly negotiated plea agreement is a voluntary and intelligent one so long as the accused has been fully apprised of the terms and consequences of the bargain. *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A.2d 699 (1966). *See* Pa.R.Crim.P. 319(b). The fact that a substantial incentive for entering into a plea bargain is the accused's desire to escape the death penalty does not in any way affect the integrity of either the plea agreement or the plea itself. Such an argument was specifically considered and rejected by this Court in *Commonwealth ex rel. Kerekes v. Maroney, supra*, at 344–48, 223 A.2d at 703–05.

 In the case at bar, Hayes' own statements during the colloquy which preceded his plea of guilty demonstrate that he had accepted the plea bargain as it was presented to the court. Beyond this, both the trial court (at its post-plea hearing) and the PCHA court found,

after full evidentiary hearings, that Hayes had been in no way misled as to the terms of that agreement, and that, therefore, his responses given under oath at the plea proceedings had been truthfully given. These are, of course, factual determinations; supported as they are by the record, they must be accepted. We are, therefore, satisfied that appellant's plea of guilty was entered pursuant to a valid plea bargain and, as such, was voluntarily given.

3. Appellant finally urges that it was error for the trial court to refuse his petition for withdrawal of his plea of guilty. Although an accused possesses no absolute right to withdraw a guilty plea, requests to do so which are made *prior* to sentencing are to be liberally allowed in view of the gravity of the plea and the numerous waivers of rights which attend it. *Commonwealth v. Forbes,* 450 Pa. 185, 191, 299 A.2d 268, 271 (1973); *Commonwealth v. Santos,* 450 Pa. 492, 494, 301 A.2d 829, 831 (1973).[7] Although the propriety of withdrawal of a plea rests within the sound discretion of the trial court, *Commonwealth v. Culbreath,* 439 Pa. 21, 264 A.2d 643 (1970), this discretion must be exercised with a view towards permitting withdrawal for any "fair and just" reason unless the prosecution has suffered substantial prejudice. *Commonwealth v. Woods,* 452 Pa. 546, 554, 307 A.2d 880, 881 (1973); *Commonwealth v. Santos, supra* at 495, 301 A.2d at 831; *Commonwealth v. Forbes, supra* at 191, 299 A.2d at 271.

In the instant case the trial court believed, correctly, that if Hayes had misapprehended the terms of

7. In recent decisions, we have emphasized that for purposes of assessing motions for plea withdrawal, a significant difference exists between those which occur pre-sentencing and those which are made subsequent to the imposition of sentence. See *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973). Where the motion for withdrawal is made in a *post*-sentencing petition, "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Starr, supra* at 490–91, 301 A.2d at 595.

the plea agreement to which he had consented, withdrawal of the plea would be justified. As discussed at length above, however, the accusations directed towards appellant's trial counsel and which were the basis of the alleged misapprehension were found to be completely groundless. Because misapprehension of the terms of the plea bargain had been the sole reason advanced for withdrawal of the plea, both the trial court and the PCHA court concluded that the motion should be denied. We agree with this conclusion. In view of the conflicting testimony given by appellant and his trial counsel, the issue before the court was one of credibility. This was resolved against appellant, and there is no basis for this Court to disturb that determination. Accordingly, we cannot say that the trial court abused its discretion by denying the relief sought. See and compare *Commonwealth v. Culbreath, supra.*[8]

Order affirmed.

NIX and MANDERINO, JJ., dissent.

---

8. It should be noted that although appellant's motion was filed prior to sentencing, the Commonwealth had already presented its entire case at the degree of guilt hearing. In light of our disposition of the issue, there is no need to consider the Commonwealth's contention that this fact alone amounts to such prejudice to the prosecution as would justify denial of a pre-sentence motion for plea withdrawal.