Commonwealth *v.* Davis, Appellant.

Argued November 26, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 9, 1970.

*Lawrence Corson,* with him *Charles Lowenthal,* for appellant.

*Michael M. Baylson,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 9, 1970:

On May 6, 1968, the appellant, Manasee Davis, was convicted by a jury in Philadelphia of murder in the first degree, and punishment was fixed at life imprisonment. Following the denial of a motion for a new trial, sentence was imposed in accordance with the jury's verdict. This appeal was then filed.

Davis was taken into police custody about 1:00 p.m. on April 4, 1966, in connection with a robbery-murder committed on April 1st. About 3:30 a.m. on April 5th, he made an incriminating statement which was record-

ed on a typewriter. The incriminating statement occurred during police questioning while Davis was without the assistance of legal counsel, although such counsel had previously been retained and the police were aware of this fact. A pretrial motion to suppress this evidence was denied, and it was admitted at trial over objection.

The trial occurred subsequent to the effective date of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), and hence, unless Davis was fully informed of his constitutional rights before the questioning commenced as *Miranda* requires, evidentiary use of the statement violated due process. *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966).

As to possible use of the statement against him at trial, the warning given to Davis, according to the police, was as follows: "Do you understand that anything you say or sign in this statement may be used *for or against you* at the time of your trial?" (Emphasis added.) This warning failed to comply with the standards mandated by *Miranda*. *Commonwealth v. Singleton*, 439 Pa. 185, 266 A. 2d 753 (1970).

Judgment reversed and a new trial ordered.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.