Commonwealth *v.* Bennett, Appellant.

Argued April 26, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David Kanner,* with him *Donald F. Copeland,* and *Kanner, Stein, Feinberg & Barol,* for appellant.

*James T. Owens,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:
Appellant Edward Bennett stands convicted of second degree murder, robbery and conspiracy. In this appeal he advances two claims. First, he asserts that the Commonwealth violated a specific federal court mandate by failing to afford him a public *Jackson v. Denno* hearing[1] within the prescribed period of time. Second, he contends that an unconstitutionally obtained confession was erroneously admitted at his trial. Upon reviewing the record, we conclude that neither claim has merit.

---

[1] 378 U.S. 368, 84 S. Ct. 1774 (1964).

The history and present procedural posture of this case are somewhat involved. Appellant was tried by jury in September of 1965 after a timely motion to suppress his confession had been denied. He was found guilty of the above mentioned crimes and sentenced to consecutive prison terms of from 10 to 20 and 1 to 2 years. On direct appeal, this Court affirmed the judgment of sentence by per curiam order with two Justices dissenting.[2] See *Commonwealth v. Bennett*, 424 Pa. 650, 227 A. 2d 823, cert. denied 389 U.S. 863, 88 S. Ct. 122 (1967).

Appellant next sought a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The petition was denied and appellant then appealed to the Court of Appeals for the Third Circuit. Sitting en banc, that court held that the exclusion of spectators from the *Jackson v. Denno* hearing conducted pursuant to appellant's motion to suppress his confession violated his Sixth Amendment right to a "public trial". Accordingly, the Third Circuit vacated the judgment of the District Court with a direction to order the issuance of a writ of habeas corpus unless the Commomnwealth granted appellant a new and public *Jackson v. Denno* hearing within a period of time to be set by the District Court. See *United States ex rel. Bennett v. Rundle*, 419 F. 2d 599 (1969).[3]

---

[2] Mr. Justice EAGEN filed a dissenting opinion in which the present opinion writer joined, expressing the view that a new trial was required by *Commonwealth v. Jefferson*, 423 Pa. 541, 226 A. 2d 765 (1967), because appellant had not been forewarned of his right to remain silent.

[3] Pa. R. Crim. P. 323, dealing generally with the procedure for the suppression of unconstitutionally obtained evidence, provides in pertinent part: "(f) The hearing, either before or at trial, shall be held, upon the request of the defendant or his attorney *or by the Judge on his own motion*, in the presence of only the defendant, counsel for the parties, court officers and necessary witnesses.

The District Court thereafter ordered the Commonwealth to conduct the required hearing within 180 days. This was not done, and appellant filed a petition for release in the District Court. The Commonwealth for its part filed its own petition alleging that its dilatoriness had been due to clerical inadvertance and requested a further 30 days in which to comply with the federal mandate. This request was granted.

A public *Jackson v. Denno* hearing was scheduled in the Philadelphia Court of Common Pleas within the 30-day extension period. At that time appellant requested a continuance and the matter was rescheduled for November 12, 1970. On that date appellant moved for disqualification of the hearing judge. The motion was denied, and the requisite suppression hearing was finally held on November 25, 1970. Appellant's motion to suppress was denied on December 17, 1970, and this appeal followed.

Initially, we may dispose of appellant's complaint that the Commonwealth failed to abide by the federal district court's mandate to afford him a new and public *Jackson v. Denno* hearing within 180 days. Whether or not the Commonwealth violated the federal mandate is not a matter for this Court's consideration. Rather, principles of comity demand that such a claim may only be properly directed to the federal court which issued the mandate in the first place.[4]

---

In any event, the hearing shall be held outside of the hearing and presence of the jury." (Emphasis added.) Under compulsion of the Third Circuit's ruling, we are required to conclude that the trial judge is no longer empowered to conduct an *in camera* suppression hearing on his own motion.

We note, however, that a defendant can still seek the benefits of a private hearing if he so requests. We note further that Rule 323 continues in full force and effect in all other respects.

[4] We note in passing, however, that as of this date neither the District Court nor the Court of Appeals has deemed it necessary to issue a writ discharging appellant.

Turning then to appellant's contention that his confession was unconstitutionally obtained and illegally admitted into evidence at trial, we must begin by noting the following portion of the Third Circuit's opinion:

"Of course, if on the new Jackson v. Denno hearing the Pennsylvania courts should hold that the confession was not admissible in evidence, it would follow that relator would be entitled to a new trial. If, on the other hand, they should hold that the confession was admissible they might still consider the necessity of granting a new trial, especially if there is any substantial difference between the evidence presented at the new hearing and that which had been submitted to the jury at trial.

"In these circumstances we do not decide relator's claim that the District Court erred in holding that his confession was admissible. *The record developed in the new hearing will be the appropriate basis for any future determination of the admissibility of the confession and the necessity, if any, of the granting of a new trial.*" *United States ex rel. Bennett v. Rundle*, supra, 419 F. 2d at 609 (emphasis added).

Viewed in the light most favorable to the Commonwealth, the testimony at the federally mandated "new hearing" discloses the following. Between 9:30 and 10:00 a.m. on the morning of May 23, 1964, appellant was brought to the office of Sergeant Bennett of the Special Investigation Squad of the Philadelphia Police Department in connection with a police investigation of a robbery-killing. At the outset appellant insisted on having a lawyer. Sergeant Bennett told him that he had a right to have a lawyer and that "you do not have to talk to us." When appellant requested that his attorney, Robert Nix, be summoned, Sergeant Bennett replied that appellant would have to call Robert Nix himself and provided him with a telephone directory and access to a telephone situated on a desk in the same room.

When appellant was seated at the desk he glanced out of an open doorway and saw his codefendant, Willie Hamilton, in another room across the hallway. Appellant asked what Hamilton was doing there, and Sergeant Bennett answered, "He's telling us things." At that juncture and without further prompting of any sort, appellant uttered an oral confession implicating Willie Hamilton and himself.

Appellant was transferred to the central Police Administration Building at 8th and Race Streets in Philadelphia at approximately 11:45 a.m. He was given a meal at 2:20 p.m., and, beginning at 3:15 p.m., he was interrogated further by Detective Caruthers of the Homicide Division. In contrast to the questioning conducted earlier in the day by Sergeant Bennett, the afternoon interrogation was *not* preceded by any warning to appellant that he had a right to remain silent. Instead, Detective Caruthers asked appellant whether he understood that anything he said could be used "for or against" him at trial and whether he was prepared to make a statement of his own free will and without any promises or threats having been made to him. Appellant replied affirmatively to both questions and proceeded to dictate and sign a written statement substantially confirming his earlier oral confession to Sergeant Bennett.

Because appellant's trial occurred subsequent to June 22, 1964, and prior to June 13, 1966, the applicable rules of permissible custodial interrogation are those enunciated in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), rather than those set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966). See *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966); *Commonwealth v. Campbell,* 442 Pa. 313, 275 A. 2d 64 (1971). It is thus in light of *Escobedo* that we must determine whether the foregoing facts demon-

strate that appellant's confession was properly admitted into evidence.

Contrary to the Commonwealth's position in this appeal, we adhere to our repeatedly expressed view that the *Escobedo* decision not only requires that a suspect be afforded the assistance of counsel if requested but also demands that he be informed of his right to remain silent. See *Commonwealth v. Campbell*, supra; *Commonwealth v. Banks*, 429 Pa. 53, 239 A. 2d 416 (1968) ; *Commonwealth v. Jefferson*, 423 Pa. 541, 226 A. 2d 765 (1967). However, the *Escobedo* requirement of a warning respecting the right of silence was fully satisfied in the present case when Sergeant Bennett advised appellant that "he didn't have to say anything."

Nor do we believe that *Escobedo* was violated when a similar warning was not repeated prior to appellant's later questioning by Detective Caruthers. There is no prophylactic rule that a suspect must be rewarned of his constitutional rights each time custodial interrogation is renewed. Instead, we must view the totality of circumstances in each case to determine whether such repeated warnings are necessary. *Commonwealth v. Ferguson*, 444 Pa. 478, 282 A. 2d 378 (1971) ; *Commonwealth v. Abrams*, 443 Pa. 295, 278 A. 2d 902 (1971). See also *United States v. Osterburg*, 423 F. 2d 704 (9th Cir. 1970) ; *Brown v. State*, 6 Md. App. 564, 252 A. 2d 272 (1969) ; *Franklin v. State*, 6 Md. App. 572, 252 A. 2d 487 (1969).

Pertinent to such an inquiry are the length of time between the warnings and the challenged interrogation, whether the interrogation was conducted at the same place where the warnings were given, whether the officer who gave the warnings also conducted the questioning, and whether statements obtained are materially different from other statements that may have been made at the time of the warnings. Thus, for example, in *Brown*, supra, a lapse of sixteen years, a move of

fifty miles, a change of interrogators, and the existence of an earlier statement with a markedly different content were held to render a confession inadmissible. And in *Franklin*, supra, warnings given two days prior to interrogation were deemed constitutionally ineffective.

An examination of the record at appellant's second *Jackson v. Denno* hearing reveals a much different situation. Appellant was given proper *Escobedo* warnings less than five hours before his questioning by Detective Caruthers; he was moved, but only a distance of a few miles; and the written statement given in the presence of Detective Caruthers was substantially similar to appellant's earlier oral statement to Sergeant Bennett. In these circumstances, it cannot be concluded that the failure to rewarn appellant of his right to remain silent fatally tainted his written confession.

Appellant also complains of Detective Caruthers' statement to him that anything he said could be used "for or against him", noting that such a warning was condemned in *Commonwealth v. Singleton*, 439 Pa. 185, 266 A. 2d 753 (1970). See also *Commonwealth v. Davis*, 440 Pa. 123, 270 A. 2d 199 (1970). This argument is misplaced. *Singleton* was decided solely on the basis of *Miranda*, which, in addition to demanding a basic warning of the right to remain silent, required a further explanation that anything said by a suspect could be used against him. As set out above, *Miranda* does not apply to the instant case. Any derivative of that decision is likewise inapplicable.

Finally, we are not persuaded that a new trial is warranted because of "any substantial difference between the evidence presented at the new hearing and that which had been submitted to the jury at trial." See *United States ex rel. Bennett v. Rundle*, supra, 419 F. 2d at 609. No such "substantial difference" exists.

Order affirmed.

Mr. Justice BARBIERI took no part in the consideration or decision of this case.