372 A.2d 713

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward BENNETT, Appellant**
**(two cases).**

Supreme Court of Pennsylvania.

Submitted Oct. 11, 1976.

Decided Feb. 28, 1977.

Reargument and Reconsideration

Denied. May 10, 1977.

316

318

Anthony D. Pirillo, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

O'BRIEN, Justice.

This appeal arises from the dismissal, without a hearing, by the Court of Common Pleas of Philadelphia, of the counselled Post Conviction Hearing Act Petition of appellant, Edward Bennett. The facts surrounding this appeal are as follows.

In October, 1965, appellant was tried by a judge sitting with a jury and was convicted of murder in the second degree, aggravated robbery and conspiracy. On March 18, 1966, post-verdict motions were denied, and appellant was sentenced to ten to twenty years' imprisonment for conviction of murder in the second degree, ten to twenty years' imprisonment on the aggravated robbery conviction and one to two years' imprisonment for the conspiracy conviction. All sentences were to run consecutively. Appellant filed a direct appeal to this court from the above convictions. On March 21, 1967, this court affirmed his judgment of sentence in a per curiam order. (Mr. Justice Eagen filed a dissenting opinion joined by Mr. Justice Roberts.[1]) *Commonwealth*

---

1. The dissenting opinion of Mr. Justice Eagen centered on the failure to warn appellant of his right to remain silent.

*v. Bennett,* 424 Pa. 650, 227 A.2d 823 (1967); cert. denied, 389 U.S. 863, 88 S.Ct. 122, 19 L.Ed.2d 132 (1967).

Appellant then sought a writ of habeas corpus in federal district court. This application was denied and appellant sought review by the United States Court of Appeals for the Third Circuit. The Court of Appeals remanded the matter to the Pennsylvania state courts for a public suppression hearing. *U. S. ex rel. Bennett v. Rundle,* 419 F.2d 599 (3rd Cir. 1969).

Pursuant to the order of the Third Circuit, a public suppression hearing was held on November 25, 1970. The suppression motion was denied on December 17, 1970, and appellant appealed the denial of his motion to suppress to this court, which affirmed the order of the court below. *Commonwealth v. Bennett,* 445 Pa. 8, 282 A.2d 276 (1971).

On December 2, 1975, appellant filed a counselled Post Conviction Hearing Act Petition, which was dismissed, without an evidentiary hearing, by the Court of Common Pleas of Philadelphia. This appeal followed.

Appellant first argues that he was denied his right of confrontation under the Sixth Amendment to the United States Constitution when the court below allowed the confession of a co-defendant, Willie Hamilton, to be read into the record. Appellant was tried separately from Hamilton.

The Commonwealth presented the testimony of Sgt. D. Bennett (unrelated to appellant), which testimony consisted of a verbatim excerpt from the confession of Hamilton. The excerpt named appellant as the man who did the shooting. Defense counsel objected and the objections were overruled. Appellant has characterized the admission of Hamilton's confession as a violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968) and *Roberts v. Russell,* 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) (which made *Bruton* retroactive).

We are of the opinion, however, that *Bruton* is not controlling in the instant case. *Bruton* was concerned with the joint trial of two co-defendants and the admission of a confession of one co-defendant which also inculpated the other co-defendant. See *Commonwealth v. Ransom*, 446 Pa. 457, 464, at n. 4, 288 A.2d 762 (1971). Appellant's claim is a pure right-to-confrontation case rather than a *Bruton* issue and, therefore, is governed by *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), *Douglas v. Alabama* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), and *Commonwealth v. Ellsworth*, 409 Pa. 505, 187 A.2d 640 (1963).

■ Having clarified the nature of appellant's claim, we are of the opinion that the issue is "waived".

§ 1180–4 of the Post Conviction Hearing Act provides:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. 1966, Jan. 25, P.L. (1965) 1580, § 4, effective March 1, 1966."

The confrontation issue was clearly cognizable in appellant's first direct appeal and in his habeas corpus proceeding in federal district court. In neither instance was the issue raised and no "extraordinary circumstances" are presented to excuse the failure to raise the issue; therefore, it is waived.

■ Appellant next argues that he was denied his Sixth Amendment right to confrontation when the court below admitted Sharon Lamar's statement which was prejudicial to appellant, after Ms. Lamar exercised her Fifth Amendment rights and refused to testify. Again, appellant misclassifies the alleged error as a *Bruton* claim, when in fact it is a *Douglas v. Alabama* claim.

This alleged error is also waived, as the possibility existed to raise this issue on direct appeal or in the habeas corpus petition in federal court, since *Douglas* was decided in 1965, and appellant's direct appeal was not decided until 1967. Moreover, no "extraordinary circumstances" are now presented to justify relitigating this claim. In addition, appellant did challenge the admission of the Lamar testimony on the grounds of "tacit admissions" on his direct appeal to this court. *Commonwealth v. Bennett, supra.*

■ Appellant's third argument deals with the denial of his confrontation rights when the Commonwealth was allowed to mention that his brother, James Bennett, had given a statement, that the statement was read to appellant, and that he replied, "I don't remember telling James any of the things in the statement, especially about hitting the woman with the gun."

Again, if in fact a denial of appellant's right to confrontation occurred, a clear right existed at the time of appellant's direct appeal and at the time of the habeas corpus proceeding in federal district court. Therefore, the issue of the denial of the right to confrontation of James Bennett is "waived" under § 1180–4(b)(1) of the Post Conviction Hearing Act.

■ Appellant next argues that the court below erred in instructing the jury that in its opinion, voluntary manslaughter was not a permissible verdict in this case. Appellant did not raise this issue on his direct appeal to this court. *Commonwealth v. Bennett, supra.*

Appellant objected to the comment of the trial judge concerning his opinion of whether the evidence justified a possible verdict of voluntary manslaughter. Appellant, however, did not raise on direct appeal the issue of whether this comment overstepped the bounds of proper judicial comment and does not advance any "extraordinary circumstance" to justify his failure to raise the issue. § 1180–4(b) of the Post Conviction Hearing Act. The issue was one that could have been raised on direct appeal and was not; therefore, the issue is waived. The issue of the propriety of judicial comment on permissible verdicts was clearly not a "novel" issue announced subsequent to appellant's convictions in 1967. See *Commonwealth v. Turner*, 367 Pa. 403, 80 A.2d 708 (1951) and *Commonwealth v. Gibbs*, 366 Pa. 182, 76 A.2d 608 (1950).

■ Appellant next argues that the sentencing procedure in the instant case violated due process. Appellant cites numerous examples of alleged bias or prejudice of the trial court at the sentencing stage. However, in his direct appeal to this court, no allegations of error were advanced concerning the sentencing procedure and no "extraordinary circumstances" are now raised to justify the failure to raise the issue at the time of his direct appeal. Therefore, the issues concerning sentencing are waived. § 1180–4(b)(1) of the Post Conviction Hearing Act.

■ Appellant next argues that the court below erred in admitting certain testimony at his *first* suppression hearing. The testimony centered around appellant's responses to the confession of a co-conspirator. This issue is moot as a second suppression hearing was held and a direct appeal taken to this court. In neither of these proceedings was this issue revived.

■ Appellant next argues that the court below erred in failing to remove his two court-appointed defense

counsel after appellant repeatedly expressed dissatisfaction with their representation.

Appellant had different defense counsel on direct appeal. However, this issue was not raised in his direct appeal to this court, nor in his petition for a writ of habeas corpus to the federal district court, and he does not offer any "extraordinary circumstances" to justify this failure. This issue is also waived. § 1180–4(b)(1) and (2) of the Post Conviction Hearing Act.

■ Appellant's eighth assignment of error centers around the alleged failure of the court below to charge on "trickery" by the police in obtaining his confession. This issue was objected to at trial, but was not pursued on appellant's direct appeal to this court or on the habeas corpus proceeding, and no "extraordinary circumstances" are now advanced to justify this omission. Moreover, the court did charge as follows:

" . . . you must first determine whether such statement was freely and voluntarily made, without any inducement or expectation of any promise, or fear of any threatened injury."

This issue is also waived.

■ Appellant's ninth assignment of error questions the charge of the court below, wherein it stated:

"Remember that proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction. Where the opportunity for positive identification is good and the witness is positive in his identification, and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, his positive testimony as to identity may be treated as a statement of fact."

Appellant argues that the above-quoted portion of the charge overemphasized the identification evidence of the

eye-witness. We do not agree that the charge overemphasized identification evidence in derogation of other evidence. However, assuming, *arguendo*, that it was error, appellant did not raise or argue this issue on his direct appeal nor in his habeas corpus proceeding in federal court, and offers no circumstances to excuse not presenting this argument in those proceedings. § 1180–4(b)(1) and (2), Post Conviction Hearing Act.

Appellant argues that numerous errors occurred at trial which had the cumulative effect of denying him a fair trial. The numerous errors alleged center around the admissibility of Sharon Lamar's statements and the district attorney's closing argument.

 The admissibility of Sharon Lamar's statement was litigated on appellant's first direct appeal to this court and, therefore, is "finally litigated" as defined by § 1180–4(a) of the Post Conviction Hearing Act.

 As to the prejudicial comments by the district attorney in his summation, none of these issues was raised in appellant's direct appeal nor in the habeas corpus proceeding in federal court. Appellant now argues that trial counsel was ineffective for not objecting to such remarks at the time of trial. However, our review of appellant's counselled Post Conviction Hearing Act Petition reveals that the ineffective assistance of counsel claim was not presented to the court below and is raised for the first time in this appeal. Therefore, under *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) and its progeny, this issue cannot be presented for the first time to an appellate court.

 Appellant's tenth argument deals with the failure of the trial judge to give a limiting instruction to the jury when the court permitted a picture of the decedent to go out with the jury.

Again, this issue existed at the time of appellant's direct appeal but was not raised, and no justifying circum-

stances as to why the issue was not presented is now advanced. Accordingly, the issue is waived. § 1180–4(b) of the Post Conviction Hearing Act.

 Appellant's final assignment of error deals with the failure of the Post Conviction Hearing Act court to hold an evidentiary hearing. § 1180–9 of the Post Conviction Hearing Act reads:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. *However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.*"

We believe the Post Conviction Hearing Act court did not abuse its discretion in denying appellant an evidentiary hearing.

In *Commonwealth v. Walker*, 460 Pa. 658, 334 A.2d 282 (1975), this court stated:

"Where the record adds no factual support, a petitioner who alleges general claims of 'induced guilty plea' and 'abridgement of constitutional rights,' without more, is not entitled to an evidentiary hearing. See *Commonwealth v. Snyder*, 427 Pa. 83, 102, 233 A. 2d 530, 540 (1967) ; *Commonwealth v. Maroney*, 423 Pa. 369, 223 A.2d 706 (1966); *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A.2d 918 (1966) ; *Commonwealth ex rel. Ackerman v. Russell*, 209 Pa.Super. 467, 228 A.2d 208 (1967). Further, where a petitioner's other assertions only relate to nonretroactive rights non-existent at the time of conviction, he need not be heard. . . ." (Footnotes omitted.)

In the instant case, appellant requested a relitigation of numerous alleged errors and did not present any "extraordinary circumstances" in his counselled Post Conviction Hearing Act Petitions that would have required a hearing.

Order of the Court of Common Pleas of Philadelphia affirmed.

NIX, J., did not participate in the consideration or decision of this case.

POMEROY, J., concurs in the result.

ROBERTS, J., files a Dissenting Opinion in which MANDERINO, J., joins.

ROBERTS, Justice (dissenting).

I dissent. Appellant's PCHA petition should not have been dismissed without affording appellant the opportunity to amend his petition to allege facts which would excuse the failure to raise the issues presented on appeal.

Section 7 of the Post Conviction Hearing Act * provides that "[n]o petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition."

When a petition alleges a valid legal theory of relief, section 7 of the Act mandates that petitioner be given the opportunity to clarify the petition before it is dismissed. *Commonwealth v. Gates*, 429 Pa. 453, 240 A.2d 815 (1968).

Moreover, the absence of allegations in the petition to rebut the presumption that appellant waived his claims does not permit the trial court to dismiss the petition without affording the petitioner opportunity to amend.

---

* Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180-1 et seq. (Supp.1976).

In *Commonwealth v. Satchell*, 430 Pa. 443, 451, 243 A.2d 381, 384 (1968), this Court unanimously noted:

"We can find no relevant distinction for purposes of section seven between a petition which contains no factual averments supporting the alleged constitutional deprivation and one which does but fails to allege circumstances sufficient to show, if believed, that the petitioner's [failure to raise it in a prior proceeding] should not operate as a waiver. In either case a dismissal without giving leave to amend would be a dismissal for want of particularity and such a dismissal is prohibited by section seven."

Since the majority does not conclude that appellant's claims are without merit, he should be permitted to amend his petition.

MANDERINO, J., joins in this dissenting opinion.