459 A.2d 14

**COMMONWEALTH of Pennsylvania**

v.

**Rodney SIMMONS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 1981.

Decided March 4, 1983.

Reargument Denied May 16, 1983.

Petition for Allowance of Appeal Granted Oct. 4, 1983.

502

Kenneth L. Mirsky, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

Appellant Rodney Simmons was convicted of third degree murder, 18 Pa.C.S. § 2502, and possession of an instrument of crime, 18 Pa.C.S. § 907, on October 2, 1975, after a jury trial. Still represented by trial counsel, he took a direct appeal to the Supreme Court, which affirmed the judgment of sentence.[1] He then filed a petition for relief under the Post Conviction Hearing Act (PCHA)[2], represented by new counsel. The petition was denied and Simmons, now represented by a third attorney, appeals.

He makes two arguments in this appeal. First, he claims that his trial counsel was ineffective on the ground that he failed to preserve for appellate review the contention that appellant's statement to police, given after a break in interrogation and not preceded by a rewarning of his constitutional rights, was erroneously admitted at trial. Second, he contends that his original post-conviction hearing counsel was ineffective because he failed to assert the ineffectiveness of trial counsel in failing to preserve for appellate review a claim that the court's charge was erroneous be-

1. *Commonwealth v. Simmons,* 482 Pa. 496, 394 A.2d 431 (1978).

2. Act of January 25, 1966, P.L. 1580, 19 P.S. 1180–1 *et seq.*

cause it unconstitutionally placed the burden of proving self-defense on the defendant. We reject appellant's first claim, but agree that his argument that original post-conviction hearing counsel was ineffective has merit.

 In assessing appellant's claims of ineffective assistance of counsel, we are governed by the oft-cited principles set out by our Supreme Court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967): we will find counsel to have been constitutionally effective so long as we are able to conclude that the course that he took had some reasonable basis designed to effectuate his client's best interests, *id.*, 427 Pa. at 604, 235 A.2d at 352; ineffectiveness with regard to a failure to take a course of action will be found only if "the alternative not chosen offered a potential for success substantially greater than the tactics actually utilized, *id.*. 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8. Thus counsel will not be found ineffective for failing to raise a baseless claim, and it is only when the claim foregone is of arguable merit that we will make an inquiry into the basis for the decision not to pursue it. *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

## I

Appellant's first contention, viz., the ineffectiveness of counsel in failing to preserve for appellate review the claim that his statement to police should have been suppressed because it was obtained in violation of his rights as set out in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we find to be without merit and hence affirm the order of the lower court denying relief on that ground.[3] This claim is based on the fact that, although he

3. The Commonwealth contends that we should not consider this claim at all because the admissibility of the statement was finally litigated on direct appeal. Our inquiry here, however, is not into the merits of appellant's argument that the statement should have been suppressed, but rather into the separate question of whether trial counsel was ineffective for failing to preserve that argument for appellate review. "Representation by ineffective counsel gives rise to an independent

was given *Miranda* warnings at the outset of interrogation, the statement in which he admitted having committed the shooting was given after a break in interrogation of approximately two and one-half hours and was not preceded by a rewarning of his constitutional rights.

In *Commonwealth v. Bennett*, 445 Pa. 8, 282 A.2d 276 (1971), the Supreme Court set forth guidelines to be used in determining when a defendant must be rewarned of his constitutional rights:

> There is no prophylactic rule that a suspect must be rewarned of his constitutional rights each time custodial interrogation is renewed. Instead, we must view the totality of circumstances in each case to determine whether such repeated warnings are necessary.

> Pertinent to such an inquiry are the length of time between the warnings and the challenged interrogation, whether the interrogation was conducted at the same place where the warnings were given, whether the officer who gave the warnings also conducted the questioning, and whether statements obtained are materially different from other statements that may have been made at the time of the warnings.

*Id.*, 445 Pa. at 15, 282 A.2d at 280 (citations omitted). Here, the record shows that appellant was informed of his rights

basis for relief even where, as here, assessment of the ineffectiveness claim may trigger review of facts examined earlier for entirely different reasons." *Commonwealth v. Hare*, 486 Pa. 123, 128, 404 A.2d 388, 390 (1979). Moreover, as the Supreme Court found appellant's *Miranda*-based claim for suppression to have been waived because it was not included in his motion to suppress or in post-verdict motions, *Simmons, supra*, 482 Pa. at 503–04, 394 A.2d at 434–35, this case is distinguishable from *Commonwealth v. Jones*, 488 Pa. 270, 412 A.2d 503 (1980) and *Commonwealth v. Senk*, 496 Pa. 630, 437 A.2d 1218 (1981). Both of those cases involved PCHA petitions alleging ineffectiveness of counsel for failure to make claims premised upon alleged procedural defects where the procedures in question had previously been *examined and approved* by the Supreme Court on direct appeal. Here, because the Supreme Court expressly refused to consider appellant's *Miranda* claim, we cannot say that his allegations of ineffectiveness are merely new theories for re-examination of an issue already decided. *See Jones, supra*, 488 Pa. at 272–73, 412 A.2d at 504; *Senk, supra*, 496 Pa. at 634–35, 437 A.2d at 1220.

by Detective Doyle at approximately 3:01 a.m. in an interrogation room at the Police Administration Building. Doyle interrogated him until approximately 3:35 a.m., during which time appellant gave a statement regarding the circumstances surrounding the shooting in question, but neither denied nor admitted having committed the shooting. Appellant was then left alone in the interrogation room except for breaks during which he was fed and taken to the bathroom, until about 5:10 a.m., when Doyle returned to administer a neutron activation test. The test, conducted in the interrogation room, lasted until approximately 5:30 a.m. When it was completed, Doyle, without re-administering the *Miranda* warnings, resumed interrogation and elicited from appellant a statement in which he admitted having actually committed the shooting.

█ Examining these facts in light of the *Bennett* guidelines, we conclude that appellant's claim that rewarnings were required is without merit. Only two and one-half hours passed between the time when appellant was advised of his rights and the time at which he gave the challenged statements. The interrogation was conducted in the room where the warnings were given and appellant was questioned by the same detective who had warned him of his rights. Moreover, there were no significant interruptions, other than the passage of time, during the period between the warnings and the challenged statements.

█ Although the later statement differed from that given immediately following the warnings, it was not directly contradictory. Appellant had admitted knowledge of and involvement with the shooting in the original statement and did not deny having committed it. The second statement differed significantly only in the fact that it included an actual admission of guilt of the homicide. As the other *Bennett* factors indicate that the second statement was not impermissibly remote from the warnings, this difference in the two statements is not sufficient by itself to establish the existence of circumstances that would require readministration of the *Miranda* warnings.

■ Since we have found this argument for suppression of appellant's statement to be without merit, it follows that trial counsel was not ineffective in failing to preserve it for appellate review. Accordingly, we hold that the lower court properly denied appellant's petition for a new trial on this basis.

## II

Appellant's second claim is that his original PCHA counsel was ineffective because he failed to raise trial counsel's ineffectiveness in not properly preserving his challenge to the portion of the court's charge that placed the burden of proving self-defense on the defendant.[4] Trial counsel did attempt to make this challenge on direct appeal, but the Supreme Court held it waived because no specific objection had been made at trial. *Simmons, supra,* 482 Pa. at 514, 394 A.2d at 440–41.

■ In order to assess the effectiveness of original PCHA counsel, we must weigh the merit of the underlying claim of trial counsel's ineffectiveness. That claim rests, in turn, upon the merits of the foregone challenge to the trial court's charge. The charge read, in pertinent part:

Now, let me go into what the law of self-defense states and then I will discuss that with you. The law says that a defendant may use deadly force, and deadly force is force capable of causing death or serious bodily injury, he may use deadly force only if he reasonably believes it is necessary to protect himself from death, serious bodily injury, and kidnapping, which is not involved here. *The defendant must show* he has not provoked the use of force against the person he encountered with intent to cause death or serious bodily injury, and that his method

---

4. The Commonwealth asserts that this claim, too, has been finally litigated and thus cannot be raised as a basis for an allegation of ineffective assistance of counsel. As with appellant's first claim, however, this challenge to the court's charge was held by the Supreme Court to have been waived. *Simmons, supra,* 482 Pa. at 514, 394 A.2d at 440–41. It may thus properly be considered by this court in adjudicating an ineffectiveness claim. *See supra* note 3.

of defending himself must also depend on whether he has an opportunity to retreat.

(N.T. 10/2/75, 499–500) (emphasis added). This charge places upon defendant the burden of proving at least some of the elements of self-defense.

 Although such self-defense instructions had at one time been approved by our Supreme Court, *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970), both the United States Supreme Court and our Supreme Court had made it clear before the time of appellant's trial that it is impermissible to place the burden of proving affirmative defenses such as self-defense on a criminal defendant. *See Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (burden of proving that defendant acted in heat of passion may not be put on defendant); *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974) (burden of proving affirmative defense of intoxication may not be put on defendant).[5] We thus conclude that a challenge to the charge

---

**5.** The Commonwealth contends that the Supreme Court did not find it impermissible to put the burden of proving self-defense on a criminal defendant until *Commonwealth v. Lynch*, 477 Pa. 390, 383 A.2d 1263 (1978), decided *after* appellant's trial. It goes on to argue that the charge was thus in accordance with law at the time it was given and hence counsel cannot be deemed ineffective for failing to predict future developments in the law. *See Commonwealth v. Triplett*, 476 Pa. 83, 89, 381 A.2d 877, 881 (1977). The *Lynch* decision itself, however, indicates that the Court considered *Winebrenner* to have been overruled by *Rose*. *Lynch*, 477 Pa. at 394, 383 A.2d at 1265. Moreover, the United States Supreme Court in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, decided 6/9/75 (almost four months before appellant's trial), made it clear that it was a constitutional requirement that the burden of proving every fact necessary to constitute the crime be placed on the prosecution, even where the prosecution would thus be required to prove a negative, such as the absence of self-defense or defense of others, *id.* at 700–02, 95 S.Ct. at 1890–1891. Thus the objection to the charge contemplated in this case would not require counsel to predict future developments in the law, but rather to recognize developments which had already taken place. Indeed, the record indicates that trial counsel was aware of *Mullaney v. Wilbur* and its implications and had requested an appropriate point for charge specifically citing *Wilbur* (N.T. 10/1/75 426–31). That he failed either to object when his point for charge was denied and an instruction violative of the *Wilbur* holding was given, or to include it in his motion for a new trial, bolsters appellant's argument that counsel was ineffective. (*See Simmons, supra*, 482 Pa. 514, 394 A.2d

for erroneously placing the burden of proof of self-defense on defendant would have been of at least arguable merit. It follows, then, that a claim that trial counsel was ineffective for failing to make that challenge is also of arguable merit.[6]

## III

■ Moreover, the record in this case demonstrates that there can have been no reasonable basis for trial counsel's failure to preserve the issue for appeal or for original PCHA counsel's failure to raise the manifest ineffectiveness of trial counsel in his petition for PCHA relief. Trial counsel was aware of the case law that rendered the court's charge improper and had even submitted a proper point for charge, citing the pertinent cases. *See supra* note 5. Having done this, trial counsel could not reasonably have supposed that there could be any benefit to his client in omitting the challenge to the charge from post-verdict motions. There was no danger that, by pursuing the claim post trial, appellant would be prejudiced in the eyes of the jury, and since the issue was purely one of law, counsel could not have feared that by continuing the challenge he

431 "no specific objection having been made, the issue is not properly before the court.") Furthermore, an examination of the trial court's charge as a whole fails to disclose any instruction that the burden of proof of self-defense rested on the Commonwealth. *See Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977).

**6.** The Commonwealth argues that, regardless of its merit, this claim cannot serve as the basis for a finding that trial counsel was ineffective because the defense's trial theory, that there was insufficient proof that Simmons had committed the shooting, was inconsistent with a claim of self-defense, and hence Simmons was not entitled to a self-defense charge at all and could not have been prejudiced by an erroneous charge. However, a charge on self-defense must be given whenever the issue of self-defense is injected into the trial by either the prosecution or the defense. *Commonwealth v. Powers*, 484 Pa. 198, 204, 398 A.2d 1013, 1015–16 (1979); *Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970). Here, the prosecution introduced appellant's statement which, although it admitted commission of the shooting, also fairly raised an issue as to the shooting's being in self-defense or defense of another. Appellant was thus entitled to have the jury correctly charged on self-defense and was prejudiced by any material errors in that charge.

would emphasize facts unfavorable to appellant. Indeed, the fact that trial counsel, after abandoning the claim at the post trial stage, attempted to revive it on direct appeal, *see Simmons, supra*, 482 Pa. at 514, 394 A.2d at 440–41, is incontrovertible evidence that the omission of the claim from post-verdict motions was born, not of "a reasonable, calculated trial strategy," *Hubbard, supra*, 472 Pa. at 285, 372 A.2d at 699, but rather of the type of "sloth or lack of awareness of the available alternatives," *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975), which requires us to find counsel ineffective.

■ Faced with a record that so clearly makes out trial counsel's ineffectiveness, original PCHA counsel could have had no reasonable basis for failing to raise it in his petition for post-conviction relief. Since the claim foregone by trial counsel was purely a question of law and involved no issues of trial strategy or tactical decisions, original PCHA counsel would not have been required to ascertain knowledge of facts, not contained in the record, to determine whether trial counsel was justified in acting as he did. We therefore conclude that original PCHA counsel was also ineffective. Since we are able to determine the ineffectiveness of both original PCHA counsel and trial counsel on the record before us there is no need to remand for further evidentiary hearings.[7]

Order reversed and new trial granted.

7. In this regard, this case is distinguishable from *Commonwealth v. Hubbard, supra*. In *Hubbard*, the appellant claimed that his post-trial counsel was ineffective for failing to allege the ineffectiveness of trial counsel in not objecting to improper statements of the prosecutor in closing argument. The *Hubbard* court found that because the decision to object or not to object to such statements involves questions of trial strategy about which no record had been developed, it could not determine whether or not trial counsel had been ineffective. Because it could not make that determination, the *Hubbard* court also found it impossible to determine whether post-trial counsel had a reasonable basis for his actions, since he might, through investigation of trial counsel's actions, have discovered facts not of record establishing that the underlying claim had been foregone as part of a reasonable trial strategy. The court therefore remanded for an evidentiary hearing to determine the basis of post-trial counsel's actions and directed that, if

post-trial counsel were found to be ineffective, the appropriate remedy would be to allow appellant to file post-trial motions *nunc pro tunc* in order to get a determination of whether trial counsel had been ineffective in the first instance. Here, in contrast to *Hubbard,* the omission underlying the ineffectiveness claims is fully of record and is one that no conceivable trial strategy could render reasonable. Hence no issues of fact remain for determination in an evidentiary hearing. The fact that we are thus able to say as a matter of law that both original PCHA counsel and trial counsel were ineffective distinguishes this case from *Hubbard,* which involved mixed questions of law and fact, and obviates the need for further hearings or the filing of additional motions.