J-S13009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH JACKSON | |
| Appellant | No. 1276 MDA 2021 |

Appeal from the PCRA Order entered September 2, 2021
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0004876-2016

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  MAY 24, 2022**

Appellant, Joseph Jackson, appeals from the order entered on September 2, 2021, in the Court of Common Pleas of York County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred when it did not find trial counsel ineffective for failure to file a motion to suppress Appellant's confession.  Upon review, we affirm.

In its opinion in support of the PCRA order, the PCRA court explained that Appellant was arrested at approximately 8:30 p.m. on January 6, 2016, in the City of York following a controlled heroin buy that involved Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

as well as York County Police Officer Miller, who also worked for the York County Drug Task Force, and a confidential informant ("CI"). PCRA Court Opinion, 9/2/21, at 4-5; Notes of Testimony ("N.T."), Trial, 1/10/18, at 103. Officer Miller was assisted by Trooper Wolfe of the Pennsylvania State Police narcotics unit. Trooper Wolfe conducted surveillance while the transaction occurred, provided security for Officer Miller and the CI, and ultimately arrested Appellant outside a Turkey Hill store in York. *Id.* at 6. When Trooper Wolfe took Appellant into custody, he read Appellant his *Miranda*[1] rights. Appellant indicated that he understood his rights. *Id.*, N.T., Trial, 1/10/18, at 130.

Appellant was transported to the York County Drug Task Force Office, "only several minutes transport away from the arrest site." *Id.* at 15-16 (citing N.T., Trial, 1/10/18, at 131-32; 135-36). There he was interviewed by Detective Bruckhart, a York County Special Detective assigned to the York County Drug Task Force. *Id.* at 7. Detective Bruckhart had been on the scene when Appellant was arrested and *Mirandized*. *Id.* at 16 (citing N.T., Trial, 1/10/18, at 130; 132; 135-36; 142).

The court noted:

> Detective Bruckhart [] conducted an interview with Defendant. While interviewing Defendant, Detective Bruckhart took bullet points as to what Defendant told him. After interviewing Defendant, Detective Bruckhart asked Defendant to review each

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

note line by line, initial the line if it was an accurate representation of the interview, and then sign at the bottom. Detective Bruckhart testified that Defendant did not seem under the influence of any drugs when giving the detective his statements.

*Id.* at 7-8 (citations to Notes of Testimony and footnote omitted). At trial, Detective Bruckhart read into the record the statement initialed by Appellant, which was subsequently admitted into evidence. The exhibit reflects the following:

Tonight, I got a call from Justin who wanted heroin

I met Justin @ Market & Penn

While in the car, I sold Justin two bags of heroin for $20.00

I use & sell heroin.

I sell heroin to support my habbit [*sic*] (approx. 5 bags/day)

Police have my permission to search my cell phone

I do not have guns, drugs or cash in my room, just drug parahernalia [*sic*] (syringe)

I can buy from several dealers & I sell heroin to various users

This statement is correct

Commonwealth Trial Exhibit #5.

Appellant initialed each line of the statement and placed his signature at the end of the statement. Officer Bruckhart then signed his name and indicated the date and time, reflecting January 6 at 9:10 p.m.[2]

Detective Bruckhart testified that Appellant took responsibility for his actions and expressed an interest in helping the task force identify larger dealers. N.T., Trial, 1/10/18, at 139. Therefore, Appellant was not charged at that time. However, a criminal complaint was filed on March 17, 2016 and Appellant was subsequently transported from the Lehigh Valley Prison to York County for a preliminary hearing in July 2016. He proceeded to a jury trial in York County in January 2018.

Appellant elected not to testify at trial. At the conclusion of the proceedings, the jury convicted Appellant of one count of possession with intent to deliver (heroin). 35 P.S. § 780-113(a)(30). On March 26, 2018, Appellant was sentenced to a term of three to six years' incarceration at a state correctional institution.[3] On January 9, 2019, we affirmed Appellant's

_____

[2] Detective Bruckhart wrote "1/6/15" as the date rather than "1/6/16." There is no challenge to the year.

[3] The sentence for Appellant's drug conviction was imposed as consecutive to Appellant's sentence for a robbery conviction. Appellant filed an appeal from an order denying his PCRA petition in that case as well. The two cases are unrelated and appeals from the PCRA court's orders are docketed separately in this Court. The appeal in the robbery matter is docketed at No. 1352 MDA 2021.

judgment of sentence. On August 2, 2019, our Supreme Court denied his petition for allowance of appeal.

On August 7, 2020, Appellant filed a *pro se* PCRA petition alleging four claims of trial counsel ineffectiveness. Appointed counsel filed an amended petition setting forth one additional claim of ineffectiveness and incorporating Appellant's *pro se* petition. PCRA Court Opinion, 9/2/21, at 10 n.4. The court conducted a hearing and subsequently denied relief by order entered September 2, 2021. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> The PCRA court erred when it denied Appellant's PCRA petition. Trial counsel was ineffective for failing to file a suppression motion to suppress Appellant's confession. Appellant's waiver of Miranda was not knowing, intelligent and voluntary because the warnings were stale under the **Bennett**[4] factors and Appellant was under the influence of drugs at the time he made the waiver.

Appellant's Brief at 4.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003) (citation omitted). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party."

---

[4] **Commonwealth v. Bennett**, 282 A.2d 276 (Pa. 1971).

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that counsel's error prejudiced the petitioner, such that the outcome of the underlying proceeding would have been different but for counsel's error. *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). A petitioner's failure to prove any of the three prongs is fatal to the petition. *Id.* at 311. We presume that counsel was effective, and the petitioner bears the burden of proving that counsel's performance was deficient and that such deficiency prejudiced him. *Id.*

Appellant asserts that trial counsel was ineffective for failing to file a motion to suppress, claiming his confession was not voluntary because his *Miranda* warnings were stale. He relies on *Bennett* for his assertion the warning given at the time of his arrest was stale by the time he made his confession.

In *Bennett*, our Supreme Court explained:

There is no prophylactic rule that a suspect must be rewarned of his constitutional rights each time custodial interrogation is renewed. Instead, we must view the totality of circumstances in each case to determine whether such repeated warnings are necessary.

Pertinent to such an inquiry are the length of time between the warnings and the challenged interrogation, whether the

- 6 -

interrogation was conducted at the same place where the warnings were given, whether the officer who gave the warnings also conducted the questioning, and whether statements obtained are materially different from other statements that may have been made at the time of the warnings.

*Id.* at 279-80 (citations omitted). "These criteria, though not mandatory, guide us in determining whether there has been a "clear continuity of interrogation." ***Commonwealth v. Scott***, 752 A.2d 871, 875 (Pa. 2000) (quoting ***Commonwealth v. Hoss***, 283 A.2d 58, 66 (Pa. 1971)).

In examining the ***Bennett*** factors, the PCRA court first addressed the length of time between when Appellant was ***Mirandized*** and when he was interviewed. Although the court indicated that no specific timeline was provided at trial or during the PCRA hearing, the record does reflect Officer Miller's testimony that the drug transaction took place on January 6, 2016 at approximately 8:30 p.m. N.T., Trial, 1/10/18, at 103. Trooper Wolfe, in the presence of Detective Bruckhart, provided ***Miranda*** warnings and turned Appellant over to Detective Bruckhart who transported Appellant to the York County Drug Task Force Office. Detective Bruckhart then interviewed Appellant and affixed his signature to Appellant's initialed statement at 9:10 p.m. Commonwealth Trial Exhibit 5. Therefore, the record supports a finding that the challenged interrogation took place less than one hour after Appellant was ***Mirandized***.

With respect to the location of the interrogation, after Appellant was given the ***Miranda*** warnings outside the Turkey Hill store, he was taken to

the Task Force Office, "only several minutes away," where he was interrogated. Although no distance is provided, the testimony supports the conclusion that while the interrogation did not take place at the same location where Appellant was *Mirandized*, the two locations were geographically close to each other.

The third *Bennett* factor considers whether the officer who gave the warnings also conducted the questioning. The record reflects that Trooper Wolfe provided the warnings while Detective Bruckhart conducted the questioning. However, Trooper Wolfe *Mirandized* Appellant in the presence of Detective Bruckhart.

The fourth and final *Bennett* factor examines whether statements obtained as a result of interrogation are materially different from statements made at the time of the warning. Here, there is no indication that Appellant provided any statement when the warnings were provided. The only statement reflected in the record is the statement written by Detective Bruckhart and initialed by Appellant at the Task Force Office.

The PCRA court examined the four *Bennett* factors and concluded:

> [Appellant] was given his *Miranda* warnings at the scene of the arrest, then immediately taken to the office for the York County Drug Task Force where he was subsequently interviewed. Detective Bruckhart was on scene when [Appellant] was read his *Miranda* rights, then conducted the interview. Based upon the criteria this court does not deem that [Appellant's] *Miranda* warnings were stale. [Appellant] does not have a successful claim of stale *Miranda* warnings, and therefore, his trial counsel cannot be held ineffective for failing to file a motion to suppress [Appellant's] confession.

PCRA Court Opinion, 9/2/21, at 17. We agree. The record defeats Appellant's assertion that the **Miranda** warning were stale at the time of his interview. Instead, the circumstances of this case support the conclusion that there was a "clear continuity of interrogation." **Scott**, 752 A.2d at 875.[5]

Appellant also suggests that trial counsel should have sought suppression of his confession as involuntary because he was under the influence of heroin when he was interviewed. However, Appellant offers nothing more than a bald assertion that he was under the influence of heroin and fails to cite any authority in support of his claim. Moreover, heroin use

---

[5] In **Scott**, our Supreme Court explained that it "has had ample time to apply the **Bennett** factors in order to delineate what constitutes a 'clear continuity of interrogation.'" **Id.** at 875. The Court cited a number of cases including:

> **Commonwealth v. Jones**, 386 A.2d 495, 498 (Pa. 1978) (warnings not stale when incriminating statement given three hours after warnings, warnings were given in the same room and same warning officers conducted the interview); **Commonwealth v. Gray**, 374 A.2d 1285, 1289 (Pa. 1977) (warnings not stale when given a little over two hours before incriminating statement, warnings were given in the same room and different officers conducted the interview); **Commonwealth v. Bennett**, 282 A.2d 276, 280 (Pa. 1971) (warnings not stale where given just under five hours before interrogation, defendant was moved a distance of a few miles, and the statement was given to an officer other than the warning officer).

**Id.** at 875-76 (cleaned up).

by itself does not render a confession involuntary. **See Commonwealth v. Meachum**, 711 A.2d 1029, 1034 (Pa. Super. 1998). Because Appellant has failed to develop his claim in any meaningful way, we find it waived. "[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." **Commonwealth v. Clayton**, 816 A.2d 217, 221 (2002).

As noted above, to prevail on a claim of ineffective assistance of counsel, Appellant must plead and prove that the issue relating to the motion to suppress is of arguable merit, that trial counsel had no reasonable strategic basis for failing to file a motion to suppress, and that Appellant was prejudiced such that the outcome would have been different had counsel filed a motion to suppress. **See Spotz**, 84 A.3d at 311-12. Failure to prove any prong of the ineffectiveness test is fatal to the petition. **Id.** at 311.

The PCRA court considered Appellant's ineffectiveness claim and concluded that Appellant was not entitled to relief. We find no error in that conclusion. We conclude that the findings of the PCRA court are supported by the record and are free of legal error. Therefore, we shall not disturb the court's denial of Appellant's request for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/24/2022